Craig M. White, *admitted Pro Hac Vice*
John J. Arado, *admitted Pro Hac Vice*
Peter N. Moore, *admitted Pro Hac Vice*
WILDMAN HARROLD ALLEN & DIXON LLP
225 West Wacker Drive Suite 3000
Chicago, IL 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Dominique R. Shelton, sbn 157710
WILDMAN HARROLD ALLEN & DIXON LLP
9665 Wilshire Blvd Suite 200
Beverly Hills, CA 90212
Telephone: (310) 860-8700

*Attorney for Defendant, Maljack Productions, Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

GARY P. BILLER, an individual,

Plaintiff,

vs.

THE PETER RODGERS ORGANIZATION, LTD., a California corporation, MALJACK PRODUCTIONS, INC., an Illinois corporation doing business as MPI Media Group, and DOES 1 through 10, inclusive,

Defendants.

AND THIRD PARTY ACTIONS

No. CV 05 1597 SJO (PLAx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

Date: September 22, 2008
Time: 10:00 AM
Place: Courtroom of the Honorable S. James Otero, United States District Judge

**INTRODUCTION**

Defendant, Maljack Productions, Inc. ("MPI"), respectfully requests that the Court's order of August 18, 2008 entering judgment in favor of Plaintiff, Gary P. Biller ("Biller"), be amended, pursuant to Fed.R.Civ.P. 59(e), for two reasons. First, Biller has asserted that the new judgment requires post-judgment interest on the entire award – not merely the portion of the first judgment that was reinstated – to be assessed beginning August 31, 2006, the date of the *vacated* judgment, and at the 2006 rate. This reading of the judgment is unreasonable and inconsistent with clear precedent to the contrary, and Biller declined to include this argument in his briefing. Nonetheless, to the extent that the judgment can be read as Biller suggests, MPI requests that it be amended to correct what would otherwise be clear legal error. Assessing interest on a new judgment from the date of the original, vacated judgment – a deviation from the normal rule permitted only in rare circumstances – is contrary to the precedent of this and other Circuits. When a judgment is vacated and is not merely reinstated on remand but, rather, a significantly higher judgment is entered, post-judgment interest runs from the date of the judgment *on remand*, as prior to the new judgment there was no right to collect.

Second, the entered judgment should be amended to reflect deductions based on Exhibit 107 and the undisputed evidence that MPI submitted in support of its opposition to Biller's motion for entry of judgment, which prove $108,446.81 in deductible expenses relating to MPI's distribution of *Richard Pryor Live in Concert* ("the Movie"). Deduction of this amount from the judgment is neither inconsistent with the Ninth Circuit's mandate nor this Court's opinion granting Biller's motion for entry of judgment, and its exclusion is a manifest injustice which this Court has the discretion to correct, and should.

## FACTUAL BACKGROUND

On August 18, 2008, this Court entered judgment in favor of Biller in the amount of $907,312, having found that MPI was not entitled to a new trial on damages because the Ninth Circuit's mandate required this Court to exclude MPI's $537,265 in deductible expenses. (*See* Docket Nos. 148-49). The judgment should be modified in two respects, resulting in a difference of over $172,000, summarized in the following chart and explained further below:

| August 18, 2008 Judgment | MPI's Position | Biller's Position |
|---|---|---|
| • $276,794 original award<br>• $537,265 in excluded expenses<br>• $93,252.94 in pre-judgment interest | • deduct $108,446.81 in expenses per Exhibit 107 | • no deduction for *any* expenses |
| • Post-judgment interest*<br>• Dispute as to rate and starting date | • 5.07% interest beginning August 31, 2006 on original award ($276,794 plus $12,995 pre-judgment interest)<br>• 2.18% interest beginning August 18, 2008 on additional award<br>• $30,002.97 total | • 5.07% interest on entire amount ($907,312) beginning August 31, 2006<br>• $94,068 total |
| • Plaintiff's costs on appeal (no dispute) | • $28,121.60 (including interest) | • $28,121.60 (including interest) |
| **Total Award:** | **$856,989.76** | **$1,029,501.60** |

First, despite the fact that the judgment entered on August 18, 2008 is nearly triple that of the vacated, August 31, 2006 judgment, Biller asserts that he is entitled to two years of *post*-judgment interest on the entire amount of the higher award, as though that award had, in fact, been entered in 2006. (*See* E-mail from Peter Anderson to Peter Moore, August 19, 2008 (Exhibit 1)[1]). Yet the Court of Appeals – as Biller himself argued – reversed and vacated the August 31, 2006 judgment on the basis

* All post-judgment interest calculations are as of August 28, 2008.

[1] Exhibits numbers used herein refer to exhibits attached to the Declaration of Peter N. Moore submitted concurrently with this motion.

that the first judgment's exclusion of $537,265 in expenses was unsupported by the evidence. (*See* Memo. in Support of Motion for Judgment Following Appeal at 2, Docket No. 138 (the Court of Appeals "ruled that Maljack failed to prove $537,265 in expenses"); Order at 2, Docket No. 148 (the Court of Appeals "held that Maljack had failed to prove that its $537,265 in claimed expenses are deductible")). At Biller's own urging, the original award was vacated and a new judgment, $907,312, reflecting the recalculation he argued was mandated by the Ninth Circuit, was entered by this Court. This is no mere reinstated judgment; it is, rather, unquestionably a *new* judgment, to which Biller was not entitled prior to this Court's August 18, 2008 order, and therefore precedent dictates that interest on the additional award be taxed only as of the later date.

Biller's position, that the additional amount awarded on August 18, 2008 should be taxed retroactively to 2006, and at the 2006 rate, was neither asserted in Biller's motion or briefing, nor is it consistent with Supreme Court and Ninth Circuit precedent. While the Court's August 18, 2008 judgment should not be interpreted as calling for such a clearly erroneous calculation of interest (especially given Biller's glaring omission of this position in his briefing), to the extent that it can be read that way, MPI respectfully requests that the Court amend the judgment to reflect a legally correct calculation.

Second, Exhibit 107, along with the evidence MPI submitted as part of its opposition to Biller's motion for entry of judgment, supports a reduction of the damages award independently of MPI's request for a new trial. (*See* Trial Ex. 107 (Exhibit 2); 2002-2005 Invoices (Exhibit 3)). As this Court held, the Ninth Circuit's mandate "directs the Court to recalculate damages 'excluding Maljack's claimed $537,265' in expenses." (Order at 4, Docket No. 148). MPI, accordingly, is not seeking to "introduce new evidence to prove this same sum" (*Id.*) but, rather, requests consideration of the very documents that Biller has been vocal in arguing should have been submitted in the first trial – documents which support the undisputed expenses shown in Exhibit 107, which itself has been in the record since Mr. Ali's deposition in 2005. (*See* Trial Tr. at 19-20 (Exhibit 4)). Exhibit 107 bears no relation to the excluded expense *estimates* submitted by Mr. Ali or reflected in Exhibit 108, but, instead, reflects a small fraction of the expenses MPI *actually* incurred in producing the Movie. As with its decision whether to grant a new trial, the Court has the discretion to modify the judgment accordingly in

light of this undisputed evidence, without the need for a new trial or the need to deviate from the Ninth Circuit's mandate, in order to prevent a manifest injustice.

**ARGUMENT**

**I. Post-Judgment Interest on the New Award Runs from the Date of the New Judgment**

**A. Legal Standards**

An award of post-judgment interest is governed by 28 U.S.C. § 1961(a), which provides "Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated *from the date of the entry of judgment*." The purpose of this provision is to compensate plaintiffs for the lost time value of money "between the ascertainment of the damage and the receipt of payment." *Guam Society of Obstetricians and Gynecologists*, 100 F.3d 691, 702 (9th Cir. 1996) (citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990)).

Determining the date from which post-judgment interest runs "requires an inquiry into the nature of the initial judgment, the action of the appellate court, the subsequent events upon remand, and the relationship between the first judgment and the modified judgment." *Id.* (quoting *Bailey v. Chattem, Inc.*, 838 F.2d 149, 154 (6th Cir. 1988)). In *Bailey*, the Sixth Circuit held (and indeed, the plaintiff conceded) that where a judgment on remand was higher than the initial judgment, "equity requires that interest should run only on" the portion of the second judgment encompassing the first judgment, rather than the entire, higher amount. 838 F.2d at 154. Further, as the Supreme Court has said:

> Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment.

*Kaiser*, 494 U.S. at 835.

Whether or not the record at the time of the first, vacated judgment was sufficient to "recalculate" damages on remand, without the need for a new trial, is irrelevant. In *United States v. Hougham*, 301 F.2d 133, 134-35 (9th Cir. 1962), the plaintiff had prevailed at the first trial, but was awarded only $8,000 as damages. The plaintiff cross-appealed the damages calculation, ultimately to the Supreme Court, which held that the plaintiff was entitled to the significantly higher award of

$159,025.32. No further trial was held or record evidence introduced in the District Court; rather, the District Court merely entered judgment in the higher amount, just as this Court did at Biller's request. The final judgment called for post-judgment interest on the higher amount starting only on the date of the *later* judgment. The Ninth Circuit affirmed, noting, "[t]hat post-judgment interest should be calculated from the date of the entry of the judgment in which the money damages, upon which interest is to be computed, *were in fact awarded*, does not do violence to the language of the statute." *Id.* at 135 (emphasis added). Thus, although the higher figure was readily ascertainable at the time of the first judgment and only a simple recalculation was required on remand, "[o]n appeal, plaintiff was vindicated, when, and only when, the proper judgment became final." *Id.*

Post-judgment interest is assessed retroactively only in narrow circumstances, since "[t]he general rule" is that "when an appellate court reverses a judgment for one party and directs entry of a money judgment for the other, postjudgment interest runs from the date of the entry of the second judgment on remand." *Northrop Corp. v. Triad Intern. Marketing, S.A.*, 842 F.2d 1154, 1156 (9th Cir. 1996). Only when "a *legally sufficient* determination of damages had been made at the time of some prior judgment, *which the judgment upon remand essentially reinstates*" should interest run from the date of the earlier judgment. *AT&T v. United Comp. Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996) (emphasis added). *See also Northrop*, 842 F.2d at 1156 (allowing interest from date of original judgment where Court of Appeals reversed District Court's dismissal of arbitration award which was merely reinstated on remand); *Turner v. Japan Lines, Inc.*, 702 F.2d 752, 754 (9th Cir. 1983) (permitting post-judgment interest from date of jury verdict vacated by JNOV but reinstated by Court of Appeals).

In *AT&T*, the losing party actually sought to have post-judgment interest assessed beginning on the date of the earlier, vacated judgment because of a substantial difference in pre- and post-judgment interest rates. 98 F.3d at 1210. It argued that, under *Kaiser*, post-judgment interest runs from the date of the *first* judgment in which damages are sufficiently ascertained, regardless whether that judgment is later vacated. *Id.* The Ninth Circuit rejected this argument, noting that at that party's own request, "the October 1991 judgment was vacated … and was unenforceable until the district court's order following remand." *Id.* at 1211 (emphasis added). Thus, the Court found it proper to award interest beginning at the date of the first legally correct and enforceable judgment, rather than the vacated one.

**B. Discussion**

There is no reason in this case to deviate from the standard rule that post-judgment interest runs from the date of the later judgment on remand, rather than the earlier vacated judgment, particularly where the amount of the new judgment is exceedingly higher than the first. *Northrop*, 842 F.2d at 1156; *Bailey*, 838 F.2d at 154. As explained above, this Court's entry of judgment on August 18, 2008 was no mere reinstatement of a vacated award, as in *Northrop* and similar cases. Rather, just as in *Haugham*, 301 F.2d at 134-35, the plaintiff here, seeking to expand his rights through appeal, obtained a substantially higher award, and the District Court, on remand, "recaluclat[ed]" damages pursuant to the Ninth Circuit's order, awarding an amount roughly three times the earlier judgment. That the recalculation was performed without a new trial does not mean that damages had been "'ascertained' in any meaningful way" at the first trial. *Kaiser*, 494 U.S. at 835. Rather, post-judgment interest is to be awarded from the date that the first "*legally sufficient* determination of damages" has been made. *AT&T*, 98 F.3d at 1209. That date is August 18, 2008.

Biller simply cannot claim the benefit of a 2006 *post*-judgment interest rate for a period for which *there was no judgment*. If he sought to collect interest for such a period, it should have been sought as *pre*-judgment interest at the rate in effect at the date of the later judgment (2.18%), which actually would have resulted in a smaller judgment overall.[2] Instead, Biller asked for a 5.07% pre-judgment interest rate ending August 31, 2006, undoubtedly in order to secure 2006's higher rate and a higher overall prejudgment interest award. This is the most to which he is even arguably entitled.

Finally, Biller's motion for entry of judgment did not at all make clear that the *entire* new award would be taxed for post-judgment interest retroactively, or that interest should be assessed at the 2006 rate. Such a radical departure from the precedent noted above certainly should have been briefed on the merits and made clear to MPI and to the Court if that was indeed his position. Even if MPI should have objected to the proposed judgment as written, if the judgment is interpreted as Biller suggests, it is clearly erroneous and should be modified regardless of MPI's failure to anticipate Biller's position. *See*,

---

[2] Pre-judgment interest on the entire $814,059 base award, at a rate of 2.18% through August 18, 2008, would have yielded $76,315.79 in interest. (*See* Exhibit 5). Instead, seeking pre-judgment interest at the August 2006 rate for the shorter time period yielded Biller $93,252 in prejudgment interest.

*e.g.*, *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (District Court did not abuse discretion in correcting clearly incorrect interest rate in judgment under Rule 60 even though error was not noticed prior to entry of judgment).

For these reasons, the Court should exercise its power under Rule 59(e) to amend the judgment to reflect that post-judgment interest on the original August 31, 2006 award should run from that date at a rate of 5.07%, and that post-judgment interest on any amount above that shall run beginning August 18, 2008, at the rate of 2.18%.

## II. The Court Should Modify the Award to Reflect Exhibit 107 and the Undisputed Expense Documents Submitted with MPI's Opposition to Entry of Judgment

In MPI's opposition to Biller's motion for entry of judgment, MPI laid out its grounds for seeking a new trial and for arguing that the Ninth Circuit's mandate in this case did not preclude a new trial. (*See* Memo. in Opposition to Motion for Entry of Judgment, Docket No. 141). As part of that opposition, MPI submitted the very documents that the Ninth Circuit's opinion stated should have been submitted at the first trial, and which underlie Exhibit 107, an expense summary which has been in the record since 2005. (*See* Exhibits 2 and 3). This Court has the discretion to consider such evidence to correct what is a demonstrably incorrect damage amount. Even though MPI has been precluded from retrying damages, there can be no dispute that MPI incurred the expenses demonstrated in those documents. The prevention of a manifest injustice and error in fact, therefore, call for a deduction of $108,446.81 from the base judgment.

### A. Legal Standards

The decision to alter or amend the judgment is left to the sound discretion of the trial court, which can be granted where the District Court finds a "need to correct clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "Manifest injustice" is defined as "error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *In re Oak Park Calabasas Condo. Assoc.*, 302 B.R. 682, 683 (Bkrptcy. C.D.Cal. 2003). A Rule 59(e) motion may also be granted "to correct manifest errors of law *or fact* upon which the judgment is based." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (emphasis added). Where, as here, there is no

intervening change in law or newly discovered evidence, a Rule 59(e) motion may be based on either "a manifest injustice or manifest errors of law or fact." *In re Oak Park*, 302 B.R. at 683; *see also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

In *Mobile Oil Corp. v. Amoco Chems. Corp.*, 915 F.Supp. 1333, 1337 (D.Del. 1995), for example, the District Court granted the plaintiff's Rule 59(e) motion to amend the judgment in order to correct that judgment's failure to account for additional evidence which, though not introduced at trial, nonetheless proved a lost-profits award was *factually* incorrect. This was done for the "prevention of manifest injustice" and "[n]otwithstanding the fact that [the plaintiff] neglected to introduce these calculations at trial." *Id.* Thus, where, as here, record evidence exists that clearly demonstrates an incorrect damages calculation, the Court has the discretion to correct the error in a Rule 59(e) motion even despite a party's failure to introduce the evidence at trial.

**B. Discussion**

Any judgment in this case which does not account for expenses incurred by MPI in distributing the Movie, by definition, is erroneous in fact. Any such judgment enriches the plaintiff beyond that necessary to compensate him for his lost profits, and punishes MPI in the absence of a showing of bad faith by forcing it to pay again for expenses it already incurred. Especially where, as here, the evidence is in the record and undisputed, such a judgment is manifestly unjust. *Mobile Oil*, 915 F.Supp. at 1337.

MPI has already been precluded from proving the full amount of its actual expenses, which are of course far greater than the few DVD replication and packaging invoices that were found. Because MPI undisputedly believed it had a license based on gross revenue, there was no need or reason to maintain a detailed accounting of expenses, and none was. The decision to rely on expense estimates, therefore, instead of a handful of documents essentially pulled from the trash, was a reasonable compromise which this Court accepted at the first trial. (*See* Trial Tr. at 171-73 (Exhibit 4)).

Critically, the decision to withdraw Exhibit 107 at trial – even if, in 20/20 hindsight, a strategic error – does not change the fact that Exhibit 107 has been in the record since Mr. Ali's deposition, and that the documents Biller has so long demanded clearly support that summary. Biller even had the chance to cross-examine Mr. Ali regarding Exhibit 107 and did so. (*See* Ali Dep. at 112 - 124 (Exhibit

6)). Thus, there was no prejudice in MPI's failure to produce the documents before trial. Indeed, were this a summary judgment motion, there would be no genuine issue of fact preventing this deduction.

Finally, it must be emphasized that Exhibit 107 was not withdrawn until *after* Mr. Ali had been permitted to testify about his estimates. Had Mr. Ali not been permitted to testify until the documents were introduced, MPI unquestionably would have introduced them into evidence, and there would be no argument whatsoever not to consider them.[3]

In any event, the Court has the discretion to correct a clear error in fact or manifest injustice – regardless of past events or procedural technicalities. Considering the size of the award Biller has received, there is little prejudice to him in doing so, as even accounting for these expenses he will be compensated far more than what his actual damages could possibly have been. And nothing in the Ninth Circuit's mandate, which calls for exclusion of $537,265 in MPI's claimed expenses, precludes accounting for undisputed evidence which has been in the record for years, especially if done for the purpose of correcting a manifest injustice in a Rule 59(e) motion, which was unnecessary, until now, since the first judgment already accounted for all of MPI's expenses. Thus, the Court should correct this manifest injustice and error of fact, and reduce the base award by $108,446.81.

## III. Conclusion

For the foregoing reasons, the Court should amend its judgment of August 18, 2008 to specify that post-judgment interest at the rate of 5.07% shall run from August 31, 2006 on the original judgment of $276,794, plus $12,995 in previously awarded prejudgment interest; and that post-judgment interest on any additional amount shall run from August 18, 2008 at the rate of 2.18%. The Court should further amend its judgment by reducing the award by $108,446.81, for a total of $798,865.19, to correct a manifest injustice and error in fact.

---

[3] Biller has repeatedly stated that the error was MPI's fault, and not the Court's. The issue of blame is irrelevant; the fact is the decision to let Mr. Ali testify without documents was found to be error by the Ninth Circuit, yet intervening strategic decisions were necessarily made in reliance on that allowance. Nonetheless, if the issue is relevant, MPI respectfully reminds the Court that at the day of trial, Mr. Hart stated that documents underlying Exhibit 107 (actual expenses) could be produced the next day, but that there were no documents underlying Exhibit 108 (estimates). (Trial Tr. 116-17 (Exhibit 4)). Neither statement's truth has been disputed. The Court, in response, volunteered that in lieu of the documents, the person who had created them could testify. Biller's attorney could have insisted that the trial wait until the documents had arrived, yet did not. These are the sole reasons Mr. Ali testified without documents, and the sole reasons Exhibit 107 was withdrawn. If there is blame on MPI's part, it was in failing to predict the Ninth Circuit's reversal, nothing more.

Respectfully submitted,

Dated: August 28, 2008

WILDMAN, HARROLD, ALLEN & DIXON

By: /s/
Peter N. Moore

*One of the attorneys for Defendant, Maljack Productions, Inc.*

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | E-mail from Peter Anderson to Peter Moore, August 19, 2008 |
| 2 | Trial Exhibit 107 |
| 3 | 2002-2005 Invoices |
| 4 | Excerpts of Trial Transcript |
| 5 | Pre-judgment interest calculations |
| 6 | Excerpts from Deposition of Malik Ali (Oct. 21, 2005) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 28, 2008, he caused to be filed the attached MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT using the Court's Electronic Case Filing system and that notice of such filing has thereby been electronically mailed to the following:

Peter J. Anderson (pja@pjanderson.com)
*Attorney for Plaintiff, Gary P. Biller*

Craig M. White (white@wildman.com)
Dominique R. Shelton (dshelton@wildman.com)
Peter N. Moore (pmoore@wildman.com)
Joseph F. Hart (joe@josephfhart.com)
*Attorneys for Defendant, Maljack Productions, Inc.*

/s/
Peter N. Moore

*One of the attorneys for Defendant,*
*Maljack Productions, Inc.*