**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| GARY P. BILLER,<br><br>Plaintiff,<br><br>v.<br><br>THE PETER RODGERS ORGANIZATION LTD., et al.,<br><br>Defendants. | ) | NO. CV 05-01597 SJO (PLAx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**<br>[Docket No. 150] |

This matter is before the Court on Defendant Maljack Productions, Inc. ("Maljack")'s Motion to Alter or Amend Judgment, filed August 28, 2008. Plaintiff Gary P. Biller ("Biller") filed an Opposition, to which Maljack replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for September 22, 2008. *See* Fed. R. Civ. P. 78(b). For the following reasons, Maljack's Motion is DENIED.

I. BACKGROUND

Biller owns the copyright in the movie *Richard Pryor Live in Concert*. (Order Granting Pl.'s Mot. for Entry of J. 1.) In 2005, Biller sued Maljack and The Peter Rodgers Organization, Ltd. for copyright infringement. *Id.* This Court granted Biller's Motion for Summary Judgment. *Id.* On August 31, 2006, after a bench trial, the Court entered Judgment (the "first Judgment") awarding Biller $276,794 in profits against Maljack, plus pre-judgment interest, and $34,990 in profits

against The Peter Rodgers Organization, plus pre-judgment interest. *Id.* The Court also awarded Biller $12,000 in costs against Defendants. *Id.*

Maljack appealed the Court's ruling on Biller's Motion for Summary Judgment and the $12,000 cost award. *Id.* at 2. Biller cross-appealed the Court's allowance of Maljack's claimed expenses of $537,265. *Id.* Specifically, Biller argued that Maljack, in relying solely on the testimony of its Chief Operating Officer, Malik Ali ("Ali"), despite repeated demands that it produce documentary proof, failed to carry its burden of proving its claimed expenses. *Id.*

The Ninth Circuit: (1) affirmed the Court's grant of summary judgment; (2) reversed the $12,000 cost award to Biller and directed the Court to determine whether the issue is moot and if not, to vacate the cost award against Maljack; and (3) held that Maljack had failed to prove that its $537,265 in claimed expenses are deductible and directed the Court to recalculate damages excluding these expenses. *Id.*

In light of the Ninth Circuit's mandate, Biller moved for entry of judgment in this Court. *Id.* This Court found the $12,000 cost award moot and awarded Biller the additional $537,265, which the Ninth Circuit held had been erroneously deducted from Biller's damages, for a profit award of $814,059. *Id.* at 4. With pre-judgment interest of $93,253, the profit award against Maljack totaled $907,312. *Id.* As such, on August 18, 2008, the Court entered Judgment (the "second Judgment") against Defendant Maljack for "the sum of $907,312, with interest thereon from and after August 31, 2006, the date of entry of this Court's initial Judgment, plus Plaintiff's costs on appeal." (Judgment 1.) Maljack now moves, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the Court's Judgment. (*See* Mem. P. & A. in Support of Def.'s Mot. to Alter or Amend J. ("Def.'s P. & A.") 1.)

II. <u>DISCUSSION</u>

A motion for reconsideration of a judgment is an "extraordinary remedy" that "should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). The Ninth Circuit has held that a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should not be granted unless: (1) "the district court is presented with newly discovered evidence,"

(2) "there is an intervening change in controlling law," or (3) "the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (internal citations omitted). A clear error, or "manifest error" is "an error that is plain and indisputable[] and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (internal citations omitted). Further, a "manifest injustice" is "an error . . . that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds . . . ." *Id.*

Here, because there is no newly discovered evidence and no intervening change in controlling law, Maljack's Motion to Alter or Amend Judgment must be denied unless Maljack shows that this Court committed "clear error" in its Judgment or that the Judgment was "manifestly unjust." *See id.*

A. Award of Post-Judgment Interest from the Date of the First Judgment, August 31, 2006

In its Motion to Alter or Amend Judgment, Maljack first argues that Biller's interpretation of this Court's Judgment to require that post-judgment interest on the entire award be assessed beginning on the date of this Court's first Judgment, August 31, 2006, is unreasonable. (Def.'s P. & A. 1, 4.) To the extent the Judgment can be read as Biller suggests, Maljack requests that the Judgment "be amended to correct what would otherwise be clear legal error." (Def.'s P. & A. 1, 4.) Specifically, Maljack does not contest that interest on the initial award of $276,794 should run from the date of the first Judgment. (Def.'s P. & A. 3.) Rather, Maljack argues only that interest on the additional damage award of $537,265 should run from the date of the second Judgment, August 18, 2008, rather than from the date of the first Judgment, August 31, 2006. (Def.'s P. & A. 3.) Because the interest rate on the date of the first Judgment was 5.07% and the interest rate on the date of the second Judgment was 2.18%, Maljack calculates the difference in having post-judgment interest on the additional award accrue from the date of the first Judgment rather than

from the date of the second Judgment, as he contends it should be, to be more than $60,000. (Def.'s P. & A. 2.)

28 U.S.C. § 1961 provides for the mandatory award of post-judgment interest "on any money judgment in a civil case" which is to be "calculated from the date of the entry of the judgment." *See* 28 U.S.C. § 1961; *Planned Parenthood of the Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 518 F.3d 1013, 1017 (9th Cir. 2007). The purpose of post-judgment interest is "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp., et al. v. Bonjorno*, 494 U.S. 827, 835–36 (1990) (internal citation omitted).

The Ninth Circuit has "rejected the idea that 'post-judgment interest should apply only from the date of the second judgment whenever the first judgment is reversed and remanded.'" *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 702 (9th Cir. 1996) (quoting *Hangards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1298 (9th Cir. 1984)). Rather, the Ninth Circuit has explained that, under the Supreme Court's seminal decision in *Kaiser Aluminum & Chem. Corp., et al. v. Bonjorno*, 494 U.S. 827 (1990), post-judgment interest may run from the date of a first judgment that is subsequently modified on appeal if "the basis for the . . . damages award" was "meaningfully ascertained" in that judgment. *Planned Parenthood*, 518 F.3d at 1021. Although the basis for a damages award is not "meaningfully ascertained" in the first judgment if that judgment is completely vacated or reversed such that a new trial is required, the basis for a damages award may be "meaningfully ascertained" in the first judgment even though the court of appeals later orders the district court to alter the initial damages award. *Compare Kaiser Aluminum & Chem. Corp., et al.*, 494 U.S. at 835–36, *with Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1384 (9th Cir. 1992). The Ninth Circuit, like other circuit courts, has held that interest should run from the date of the first judgment if that is the date on which the "correct judgment" would have been entered absent the error by the district court. *See Perkins v. Standard Oil Co. of California*, 487 F.2d 672, 676 (9th Cir. 1973); *see also Am. Tel. & Telegraph Co. v. United*

*Computer Sys., Inc.*, 98 F.3d 1206, 1210 (9th Cir. 1996) (referring to *Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 752 F.2d 802 (3d Cir. 1984); *Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 518 F. Supp. 102, 109 (E.D. Pa. 1981)).

In determining the judgment from which interest should run, a court must inquire into "the nature of the [first] judgment, the action of the appellate court, the subsequent events upon remand, and the relationship between the first judgment and the modified judgment." *See Guam Soc'y of Obstetricians & Gynecologists*, 100 F.3d at 702 (internal citations omitted). Moreover, the Ninth Circuit has repeatedly referred to equitable considerations favoring a higher interest rate for the prevailing plaintiff, reasoning that interest is meant to compensate a prevailing plaintiff that has not had use of the money judgment throughout the delay on appeal. *See, e.g.*, *Planned Parenthood*, 518 F.3d at 1021 (citing *Am. Tel. & Telegraph Co.*, 98 F.3d at 1211) ("As between two judgments, both of which sufficiently ascertain the damages, equitable principles favor selecting the judgment which more fully compensates the prevailing party."); *Perkins*, 487 F.2d at 676 ("In so ruling, we decline to hold that the cost of the loss of use of a money judgment pending appeal should be borne by an injured plaintiff rather than a defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay.").

*McDevitt & Street Co. v. Marriot Corp.*, No. 91-2067, 1991 WL 244690 (4th Cir. 1991) presented an issue analogous to that faced by this Court. In that case, the Fourth Circuit remanded the district court's initial damages award for $98,163.68 for recalculations and on remand, the district court increased the initial award by $85,223.30 and "bifurcated the allocation of post[-]judgment interest by ordering interest on the first judgment ($98,163.68) to run from the date of that judgment[] and interest on the additional amount ordered after remand ($85,223.30) to run from the date of the post-remand judgment." *See McDevitt & Street Co. v. Marriot Corp.*, No. 91-2067, 1991 WL 244690, at *1 (4th Cir. 1991). The Fourth Circuit, however, reversed the district court with regard to bifurcation of post-judgment interest, ordering that post-judgment interest on the entire second damages award run from the date of the first judgment. *Id.* The

Fourth Circuit reasoned that, even though the second judgment included a higher damages award, post-judgment interest should run from the date of the first judgment, because the Fourth Circuit's remand was "merely for arithmetic recalculations made necessary by a minor factual error" and "no further evidence was necessary on remand." *Id.* at *2.

Applying these principles to this case, it was not "clearly erroneous" for the Court to order that post-judgment interest on the additional damages award of $537,265 run from the date of the first Judgment, August 31, 2006. (*See* Def.'s P. & A. 4.) As an initial matter, contrary to Maljack's assertions, Biller's understanding that the Court's second Judgment requires Maljack to pay post-judgment interest on the entire second damages award, including the $537,265 added after the Ninth Circuit's mandate, from the date of the first Judgment is correct, as the second Judgment explicitly states that Maljack must pay "the sum of $907,312, *with interest thereon from and after August 31, 2006, the date of entry of this Court's initial Judgment* . . . ." (*See* Judgment 1 (emphasis added); Def.'s P. & A. 1, 4.)

Furthermore, the Court's determination that post-judgment interest on the additional $537,265 should run from the date of the first Judgment, even though the Ninth Circuit partially reversed and remanded the first Judgment, is supported by Ninth Circuit precedent, which permits post-judgment interest to run from the date of a first judgment that was subsequently reversed and remanded as long as "the basis for the . . . damages award" was "meaningfully ascertained" in the first judgment. *See Planned Parenthood*, 518 F.3d at 1021; *Guam Soc'y of Obstetricians & Gynecologists*, 100 F.3d at 702. Here, in Biller's appeal to the Ninth Circuit, the Ninth Circuit affirmed this Court's grant of summary judgment but, finding that the Court erred in considering testimony regarding Maljack's estimated costs without supporting documents, reversed and remanded "for recalculation of damages excluding Maljack's claimed $537,265 in duplication, packaging, marketing, advertising and sales commission expenses." (*See* Memorandum, *Biller v. Peter Rodgers Org., Ltd.*, No. 06-56626, at 3 (9th Cir. 2008).) On remand, without holding a new trial, this Court entered judgment for Biller by simply adding to the first Judgment of $276,794 the $537,265 in expenses that the Ninth Circuit found the Court had erroneously excluded from

the first damages award. (*See* Judgment 3–4.) Because the Ninth Circuit only partially reversed the first damages award and based on the Ninth Circuit's clear mandate to recalculate damages excluding Maljack's $537,265 in claimed expenses, this Court entered the second damages award without considering any new evidence or holding a new trial, the basis for the increased damages award was "meaningfully ascertained" in the first Judgment. *See Tinsley*, 979 F.2d at 1384; *Guam Soc'y of Obstetricians & Gynecologists*, 100 F.3d at 702. Given that the correct judgment would have been entered on the date of the first Judgment absent the error by this Court in considering unsupported testimony regarding Maljack's estimated costs, it is proper that the post-judgment interest should run from the date of the first Judgment. *See Am. Tel. & Telegraph Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1210 (9th Cir. 1996); *Perkins v. Standard Oil Co. of California*, 487 F.2d 672, 676 (9th Cir. 1973). This determination that post-judgment interest on the additional award of $537,265 should run from the date of the first Judgment, on which there was a higher interest rate (5.07%) than that on the date of the second Judgment (2.18%), is further supported by equitable principles, which favor a higher interest rate for a prevailing plaintiff in accord with the compensatory purpose of post-judgment interest. *See, e.g.*, *Planned Parenthood*, 518 F.3d at 1021 (citing *Am. Tel. & Telegraph Co.*, 98 F.3d at 1211); *Perkins*, 487 F.2d at 676.

Maljack asks this Court to bifurcate the allocation of post-judgment interest, precisely what the Fourth Circuit found to be inappropriate in the analogous case of *McDevitt & Street Co. v. Marriot Corp.*, No. 91-2067, 1991 WL 244690 (4th Cir. 1991). As in that case in which a substantial damages award, $98,163.68, was almost doubled on remand through the addition of $85,263.68 in damages, the case currently before this Court involves a large addition of damages, $537,265, to an already substantial damages award of $276,794. *See McDevitt & Street Co.*, 1991 WL 244690, at *1. Yet because this case similarly involves mere "arithmetic recalculations" requiring "no further evidence" on remand, the Court did not err in finding, as the Fourth Circuit did in *McDevitt & Street Co.*, that post-judgment interest on the entire second damages award should run from the date of the first Judgment. *See id.* at *2.

Thus, this Court's holding that post-judgment interest on the entire second damages award should run from the date of the first Judgment was not a "clear error," as it did not amount to a "complete disregard of the controlling law or the credible evidence in the record." *See In re Oak Park*, 302 B.R. at 683. Therefore, Maljack is not entitled to an amendment of the Court's Judgment on this ground.

B. <u>Deduction of $108,446.81 in Distribution Expenses</u>

Additionally, Maljack argues that the Judgment should be amended to reflect deductions based on Exhibit 107, which was withdrawn at trial, along with other documents submitted as part of its Opposition to Biller's Motion for Entry of Judgment that allegedly show $108,446.81 in deductible distribution expenses. (Def.'s P. & A. 2, 4.) Maljack contends that these "are the very documents that the Ninth Circuit's opinion stated should have been submitted in the first trial" and that failure to deduct these expenses is a "manifest injustice." (Def.'s P. & A. 2, 8–9.)

In a copyright infringement case, the prevailing plaintiff is entitled to recover the infringer's profits attributable to the infringement. *Frank Music Corp. v. Metro Goldwyn-Mayer*, 772 F.2d 505, 514 (9th Cir. 1985). In establishing the infringer's profits, after the plaintiff proves the defendant's sales, the burden shifts to the defendant to prove the expenses to be deducted from sales in arriving at the defendant's net profit. *Id.* (citing 17 U.S.C. § 101(b)). "Any doubt as to the computations of costs of profits is to be resolved in favor of the plaintiff. If the infringing defendant does not meet its burden of proving costs, the gross figure stands as the defendant's profits." *Id.* (internal citation omitted).

Maljack has not shown that the Court's failure to deduct its $108,446.81 in alleged expenses from the second damages award is a "manifest injustice" such that alteration or amendment of the Court's Judgment is appropriate pursuant to Fed. R. Civ. P. 56(e), as there is no "direct, obvious, and observable" error. *See In re Oak Park*, 302 B.R. at 683. The Court did not err in refusing to grant a new trial on damages or to consider the new evidence of Maljack's distribution expenses, as not only did the Ninth Circuit's mandate explicitly direct the Court to recalculate damages excluding the $537,265 in claimed expenses but also even if the Court had

the authority to consider additional evidence of expenses, the Court could decline to do so because Maljack had ample opportunity to produce documentary evidence supporting its claimed expenses during the initial litigation. (*See* Judgment 2.) The Ninth Circuit explicitly stated that "Maljack failed to provide documents supporting [its] costs, despite repeated demands" and, thus, "failed to satisfy its burden of proving that its expenses are deductible." (*See* Memorandum, *Biller v. Peter Rodgers Org., Ltd.*, No. 06-56626, at 3 (9th Cir. 2008).) The fact that Exhibit 107, which was withdrawn at trial, has been in the record for years does not support Maljack's argument that $108,446.81 in expenses should be deducted, because this "expense summary" does not suffice to prove these claimed expenses. Furthermore, Maljack's argument that prior to the decision at the bench trial to let Ali, its Chief Operating Officer, testify without documents, Maljack had represented that it could produce the documents underlying Exhibit 107 the next day is also of no help to Maljack, as Maljack not only failed to produce these documents during discovery but also did not have them ready at the time they were needed at trial. (*See* Def.'s P. & A. 10 n.3.) After Maljack failed to meet its burden to prove its claimed expenses in the trial on damages in this Court, *see Frank Music Corp.*, 772 F.2d at 514; Memorandum, *Biller v. Peter Rodgers Org., Ltd.*, No. 06-56626, at 3 (9th Cir. 2008), the Court was under no obligation to consider documents allegedly supporting the expense summary contained in Exhibit 107 that Maljack submitted for the first time with its Opposition to Biller's Motion for Entry of Judgment, well after the case was heard in this Court and the Ninth Circuit ruled on the appeal. (*See* Def.'s P. & A. 8.)

Thus, the Court did not commit "manifest injustice" in refusing to reduce Biller's damage award based on Maljack's claimed $108,446.81 in distribution expenses and alteration of amendment of the Court's Judgment to account for these expenses is not warranted.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. RULING

Because Maljack is not entitled to amendment or alteration of the Court's August 18, 2008 Judgment pursuant to Ninth Circuit standards, Defendant's Motion is DENIED.

IT IS SO ORDERED.

November 18, 2008

/S/ S. James Otero

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE